# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:18-cv-230 |
|     Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| NAVAJO EXPRESS, INC., d/b/a DSCO | : | |
| LOGISTICS, *et al.*, | : | |
|     Defendants. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 10)**

This civil case is before the Court on the motion of Plaintiff Total Quality Logistics, LLC ("TQL") to remand this case to the Clermont County Court of Common Pleas ("State Court") (Doc. 10) as well as the parties' responsive memoranda (Docs. 18, 19).

## I. INTRODUCTION

TQL is an Ohio limited liability company with its principal place of business in Clermont County, Ohio. (Doc. 9 at ¶ 2). TQL provides freight brokerage and third-party logistics services to customers across the continental United States. (*Id.*)

Defendant Navajo Express, Inc., d/b/a DSCO Logistics ("Navajo"), is a Colorado corporation. (Doc. 9 at ¶ 6). Defendants Justin Whitaker, Logan Camin, and Joseph Kerr (collectively, the "Individual Defendants") are Colorado residents. (*Id.* at ¶¶ 3-5). Each of the Individual Defendants is a former employee of TQL and a current employee of Navajo. (*Id.*)[1]

---

[1] The Individual Defendants and Navajo are collectively referred to as "Defendants."

On March 23, 2018, TQL commenced this action by filing a complaint ("Complaint") in State Court. (Doc. 2). The Complaint alleges that, before commencing employment with TQL, each of the Individual Defendants executed an Employee Non-Compete, Confidentiality, and Non-Solicitation Agreement ("Agreement"). (Doc. 2 at ¶ 14, 20, 26; Ex. A). The Complaint alleges that, by signing the Agreement, the Individual Defendants agreed, for a period of one year after their employment ended, to not work for or associate with any TQL competitor, solicit any TQL customer or carrier with which TQL had a relationship, solicit or recruit other TQL employees, and to not disclose or use TQL's confidential or proprietary information. (*Id.*)

The Complaint alleges that the Individual Defendants are violating the Agreements by working for Navajo in positions similar to the positions they held at TQL, using or disclosing TQL's confidential information, soliciting TQL customers, and competing with TQL. (Doc. 2 at ¶¶ 18, 24, 30). The Complaint alleges that Navajo continues to employ the Individual Defendants despite its knowledge of the restrictive covenants in the Agreement. (*Id.* at ¶¶ 31-33). The Complaint asserts claims for breach of contract against the Individual Defendants, tortious interference with contract against Navajo, and claims of tortious interference with business relations, violation of the Ohio Uniform Trade Secrets Act, Violation of Defend Trade Secrets Act, and civil conspiracy against all Defendants.

The Complaint demands preliminary and permanent injunctive relief, punitive damages, fees, costs, and "compensatory damages in favor of TQL in an amount to be determined at trail in excess of $25,000." (Doc. 2 at 17).

Concurrent with the Complaint, on March 23, 2018, TQL filed a motion for a temporary restraining order and preliminary injunction requesting that the Individual Defendants be prohibited from further violating the provisions of the Agreement in their employment with Navajo. (Doc. 3).

On April 3, 2018, Defendants removed the case to this Court. (Doc. 1). The notice of removal argues that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, "in that diversity of citizenship exists between plaintiff and all defendants, and based upon information and belief, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00)." (Doc. 1 at 1).

On April 6, 2018, TQL filed an Amended Complaint. (Doc. 9). The Amended Complaint is substantially similar to the Complaint, with the exception that it clarified TQL is not seeking more than $75,000 in this case. Specifically, the Amended Complaint demands that the Court, *inter alia*:

> b) Award compensatory damages in favor of TQL in an amount to be determined at trial in excess of $25,000.00, but not more than $75,000.00, inclusive of any award of punitive damages, attorney's fees, and injunctive relief;
>
> c) Award punitive damages in favor of TQL in an amount of not more than $75,000.00, inclusive of any award of compensatory damages, attorney's fees, and injunctive relief[.]

(Doc. 9 at 15-16).

Simultaneously, TQL filed a motion to remand this case back to State Court. (Doc. 10). The Motion to remand argues that jurisdiction is not proper under 28 U.S.C.

§ 1332 because the Amended Complaint makes clear that the amount in controversy does not exceed $75,000. (*Id.*)

## II. STANDARD

A party can remove an action from state court if the federal court to which the action is removed would otherwise have had original jurisdiction. 28 U.S.C. § 1441(a). Generally, where the citizenship of the parties is diverse and the amount in controversy exceeds $75,000, a federal court has jurisdiction to hear the case. 28 U.S.C. § 1332(a). A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements and must do so by a preponderance of the evidence. *Rotschi v. State Farm Mut. Auto. Ins. Co.*, Case No. 96-5494, 1997 U.S. App. LEXIS 11771, at * 6 (6th Cir. May 15, 1997).

After removal, a district court is <u>required</u> to remand cases if it <u>appears</u> subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (citation omitted).

## III. ANALYSIS

The motion to remand argues that, pursuant to the demand in the Amended Complaint, the amount in controversy does not exceed $75,000 and "Defendants are unable to establish that removal is proper." (Doc. 10 at 2-3). The Court agrees. The

4

Court does not have subject matter jurisdiction over this action in which TQL demands total, cumulative relief of "not more than $75,000." 28 U.S.C. § 1332(a). Accordingly, the Court is required to remand this case back to State Court. 28 U.S.C. § 1447(c).

Defendants' argument to the contrary lacks merit. Defendants contend that subject matter jurisdiction is to be determined at the time of removal. (Doc. 18 at 2-3). Defendants argue that the Complaint, which was the operative pleading at the time this case was removed, only stated that TQL sought damages in excess of $25,000, and the value of the compensatory damages, punitive damages, and injunctive relief alleged in the original Complaint would exceed $75,000. (*Id.*)

This argument is not well-taken. Defendants are correct that the existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal. *See Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Events occurring after removal that <u>reduce</u> the amount in controversy do not deprive the Court of jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (2000). Accordingly, a plaintiff who pleads damages in excess of $75,000 in state court cannot, after removal, stipulate to damages less than the jurisdictional threshold in order to secure a remand back to state court. *Id.* at 873.[2]

However, the Sixth Circuit has expressly held that a plaintiff may stipulate to a claim less than the federal jurisdictional amount "where a plaintiff provides specific

---

[2] TQL argues that *Rogers* has been abrogated by the Supreme Court's decision in *Powerex Corp. v. Reliant Energy Servs., Icn.*, 551 U.S. 224 (2007). (Doc. 19 at 3-4). This Court need not opine on whether, and to what extent, *Powerex* abrogated *Rogers*, because this Court concludes that remand is proper under Sixth Circuit precedent <u>even if</u> *Rogers* is still good law.

5

information about the amount in controversy <u>for the first time</u> []" *Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 481 (6th Cir. 2014) (emphasis added) (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)). In other words, a plaintiff seeking a post-removal remand may <u>clarify</u> that his demand does not exceed $75,000, but may not <u>reduce</u> his demand below the jurisdictional threshold if he previously demanded more. *Id.*

Here, the original Complaint merely stated that TQL sought damages "in excess of $25,000." (Doc. 2 at 17).[3] The Amended Complaint provides specific information regarding TQL's damages for the first time, expressly clarifying that TQL is demanding cumulative damages of "not more than $75,000." (Doc. 9 at 15-16). By clarifying that it is demanding less than this Court's jurisdictional threshold, TQL has established that this Court lacks subject matter jurisdiction. 28 U.S.C. § 1332(a); *Shupe*, 566 Fed. Appx. at 481; *Baldori v. Delta Air Lines, Inc.*, Case No. 1:11-cv-102, 2011 U.S. Dist. LEXIS 33546, at ** 8-10 (W.D. Mich. Mar. 29, 2011) (where plaintiff's complaint demanded unspecified damages over $25,000 but plaintiff stipulated after removal that he sought less than $75,000, granting plaintiff's motion to remand because the stipulation "is a clarification of the damages sought in his complaint rather than a reduction of the

---

[3] Defendants argue that TQL is engaging in gamesmanship by changing its demand from "in excess of $25,000" to "not more than $75,000." (Doc. 18 at 3). The Court does not agree. The Ohio Rules of Civil Procedure expressly <u>prohibit</u> a plaintiff from specifying the amount of his damages if they exceed $25,000. Ohio R. Civ. P. 8(A). The Court refuses to find that TQL's amended demand constitutes "gamesmanship" when it was prohibited from specifying that its demand was less than the federal jurisdictional threshold under the procedural rules governing the original Complaint at the time it was filed.

6

amounts claimed in his complaint").

## IV. CONCLUSION

For the foregoing reasons:

1. TQL's motion to remand (Doc. 10) is **GRANTED**;

2. This case is **REMANDED** to the state court from which it was removed;

3. The parties shall bear their own costs and fees; and

4. This case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 4/30/18

*Timothy S. Black*
Timothy S. Black
United States District Judge